G. W. BONNER v. G. W. STEPHENS ET AL.

(Case No. 1612.)

1. FACT CASE.— See opinion and statement of case for facts held sufficient to put a prudent man on inquiry as to a wife's claim to land levied on and sold under execution against the husband.

2. EXECUTION SALE — SEPARATE PROPERTY — INNOCENT PURCHASER.— A purchaser of land under an execution against the husband, the apparent title to which is in the community, but which was paid for with the wife's separate means, a knowledge of which fact was communicated to the purchaser after levy, but before the purchase at execution sale, cannot be an innocent purchaser.

APPEAL from Johnson.   Tried below before the Hon. Jo Abbott.

Trespass to try title to two tracts of land in Johnson county. The defendants were George W. Stephens and Zilpa Stephens, his wife.   Answer of general demurrer, general denial and a plea of not guilty.

The plaintiff's title was derived thus: He recovered a judgment against the defendant, G. W. Stephens, before a justice of the peace. Under that judgment plaintiff bought the land and received the constable's deed.

The land was claimed by Mrs. Zilpa Stephens as her separate property under the following state of facts:

In 1878, long after her marriage to her co-defendant, her mother died, leaving to her something over $1,000.   In the same year she invested that money in two lots in Cleburne, the deed being made to her, and reciting the payment as made by her, but not stating that it was her separate property.   Shortly afterwards she exchanged the town lots for the property in controversy, the deed being made in the same way.   A brief but carefully prepared statement of the facts found by the judge before whom the case was tried is contained in the record.

Judgment for defendants.

The assignments of error are that the court erred:

1st. In overruling the motion for a new trial.

2d. In the conclusion that the facts adduced in evidence were sufficient to put a prudent man upon inquiry.

3d. In holding that the legal presumption arising from the recitals in the deed, that the land was community, is not in this case conclusive, but may be rebutted; and that the lien acquired by the levy of the plaintiff's execution was not such a lien as might not be defeated by satisfactory proof that the property was not the separate property of Mrs. Stephens.

4th. In his conclusion that a creditor who purchases at execution sale by virtue of an execution issued in favor of the creditor is not such a lien purchaser as will be protected, though such creditor be an innocent purchaser for a valuable consideration, without notice prior to the levy of the execution.

5th. In holding " that a purchaser for a valuable consideration (without notice of the separate property) from the husband would be protected, and that a creditor purchasing at an execution sale, issued in favor of the creditor, and levied before the creditor had notice of the wife's separate property, would not be protected."

6th. In holding that plaintiff was not entitled to recover.

*De Berry & Smith* and *L. B. Davis*, for appellant, cited: Wallace & Co. *v.* Campbell, 54 Tex., 87; Cooke *v.* Bremond, 27 Tex., 459; Kirk *v.* Houston, etc., Navigation Co., 49 Tex., 213; Grace *v.* Wade, 45 Tex., 524; Borden *v.* McRae, 46 Tex., 400; Ayres *v.* Duprey, 27 Tex., 598.

*Poindexter & Paddleford*, for appellees, on notice, cited: McAfee *v.* Robertson, 43 Tex., 591; Willis *v.* Gay, 48 Tex., 463; Powell *v.* Haley, 28 Tex., 57; Wade on Notice, secs. 10 and 30; Herman on Ex., sec. 332; Deason *v.* Taylor, 53 Miss., 697; Baker *v.* Bliss, 39 N. Y., 70; Cambridge V. B. *v.* Delano, 48 N. Y., 326; Williamson *v.* Brown, 15 N. Y., 354; Hoppin *v.* Doty, 25 Wis., 573; Sergent *v.* Ingersol, 15 Pa. St., 343; Lamont *v.* Cheshire, 65 N. Y., 30; Woodfalk *v.* Blount, 9 Am. Dec., 739.

On innocent purchaser they cited: Oberthier *v.* Stroud, 33 Tex., 524; Freeman on Ex., secs. 195, 302; Rorer on Judicial Sales, 251; Herman on Ex., p. 330; England *v.* Clark, 4 Scam., 486; Freeman *v.* Caldwell, 10 Watts, 9; Miller *v.* Fitch, 7 W. & S., 365; Bostick *v.* Winton, 1 Sneed, 524; Bagley *v.* Ward, 37 Cal., 136 *et seq.;* O'Rourke *v.* O'Connor, 39 Cal., 446.

DELANY, J. COM. APP.— Our opinion is that the court did not err in holding that the facts and circumstances developed in this cause were sufficient to put a prudent man upon inquiry as to the wife's claim to the land.

All the parties lived in the town of Cleburne. The plaintiff and his attorney were well acquainted with the defendants, and knew the husband to be insolvent. It does not appear that the defendants had recently owned any property except the land in controversy, and the two lots which they had, just before the levy, exchanged for this land. But it does appear that the mother of Mrs. Stephens had died a short time before, and had left her some money which she had invested in the lots, a short time before this exchange. The attorney knew that Mrs. Stephens had received the legacy, or was entitled to it, but did not know of the investment. A levy had been made upon the two lots; but upon being informed that Mrs. Stephens had conveyed them, that levy was released and a levy made upon the land in controversy.

All this time the constable was acting under the orders of the attorney, with explicit directions to report to the latter all the facts which came to his knowledge. The constable learned at once that the lots had been bought with the money of Mrs. Stephens. He

communicated everything to the attorney except this important fact. They both examined the records together. The deed from Stephens and wife to Curlee, and the deed from Curlee to Mrs. Stephens, were upon opposite pages of the same book,— the deed from Stephens and wife being in the form required for conveying the separate property of the wife. While making the examination, the constable made some very suggestive hints to the attorney, which, if followed up, must have led to a discovery of all the facts. But they were not followed up. It was not until the levy upon the lots was released, and the levy upon the land was made, that the plaintiff and his attorney discovered the real facts of the case. How it happened that they found out these facts so soon after the levy, yet failed to find them out before, they do not explain, though they were both witnesses in the case.

These circumstances recall the remarks of Vice-Chancellor Wigram, that if there be any "wilful blindness," — "any turning away from evidence," the party will be charged with notice.

But aside from this view of the case, as the land was bought with the separate funds of the wife, and was her separate property, and the knowledge of this fact was brought home to the plaintiff before he bought, we think that there was no error in the judgment. Fortunately the line of our decisions, which had been somewhat jeopardized by the reasoning (if not by the ruling) of the court in the case of Wallace v. Campbell, 54 Tex., 87, has been re-established by the decision in the case of Parker and wife v. Coop at the last term.

We may be referred to the statute which declares that a purchaser at a sale under execution shall be deemed an innocent purchaser without notice, in all cases where he would be deemed to be such had the sale been made voluntarily by the defendant. R. S., 2318.

If the plaintiff below had bought from the husband with notice of the wife's claim, he would not have been an innocent purchaser. See remarks of Justice West in Senter v. Lambeth, last Austin term.

Our opinion is that the judgment should be affirmed.

AFFIRMED.

[Opinion adopted January 22, 1884.]