M. L. STOKER ET AL. v. BAILEY & GOODJOHN.

(Case No. 1700.)

1. NOTICE — WIFE'S SEPARATE ESTATE.— Where the evidence shows that property was paid for out of the wife's separate funds, the deed made to her and so recorded, a sale of the property under an execution against her husband conveys no title as to the purchaser who bought with notice of the facts. Parker v. Coop, 60 Tex., 114; McKamey v. Thorp, 61 Tex., 649, cited.

APPEAL from Camp. Tried below before the Hon. B. T. Estes.

This suit was brought by appellees against John A. Stoker and his wife, M. L. Stoker, and A. T. Lightfoot and G. Seeligson & Co., who were made defendants by petition in trespass to try title. M. L. Stoker, joined by her husband, John A. Stoker, answered with plea of not guilty and a special plea setting up title to the lot in controversy as her separate property, alleging that the property was purchased with her separate means, and was not liable for debts of her husband. G. Seeligson & Co. answered, pleading several issues involving fraud between E. E. Stoker (through whom they claimed title) and M. L. Stoker, and prayed that E. E. Stoker be made a party to the suit, but as they did not appeal it is unnecessary to set out these issues. E. E. Stoker answered this plea by filing a disclaimer. The parties claimed through a common source, and the issue was whether the property was the separate property of M. L. Stoker at the time it was levied on and purchased at execution sale by appellees, under a judgment in their favor against the husband, John A. Stoker.

The cause was tried before the judge below and judgment rendered for appellees (plaintiffs) against all the defendants except E. E. Stoker, for the title and possession of the premises and for costs. M. L. Stoker and J. A. Stoker appealed.

*W. P. McLean, Whittaker & Bonner*, for appellants.

*Thos. C. Smith*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— This cause was tried by the court without a jury, and the conclusions of fact and law found by the court are found in the record, and also a statement of facts.

There is no material conflict in the evidence, and it proves with all reasonable certainty that the property was bought for Mrs. M. L. Stoker, and that it was paid for with her separate funds, and that the deed was made to her, and so stood of record at the time at which the appellees bought at the sale under execution against J. A. Stoker; and it further appears that the appellees had actual notice, before they purchased, of her rights. The purchase of the property by the appellees was made under an execution in their own favor, and it is not shown that they paid for the property otherwise than by crediting the amount of their bid on their judgment.

The conclusions of law, by the court, seem in the main to have been in accordance with the rulings of this court in Parker v. Coop, 60 Tex., 114, and McKamey v. Thorp, 61 Tex., 649, and the judgment was rendered in favor of the appellees on the sole ground that the evidence was not sufficient to show that the property was paid for with the separate funds of Mrs. Stoker. We are of the opinion that this fact was proved as clearly as such a fact can be proved in cases in which money is invested several times, and that the court below, on the evidence, should have held the proof sufficient to establish it.

For the error in this respect, the judgment of the district court will be reversed and here rendered in favor of appellants, and it is accordingly so ordered.

REVERSED AND RENDERED.