### H. J. BARNES v. T. H. McARTHUR.

#### No. 192.

1. **Trespass to Try Title — Plaintiff Must Show Title.**—In trespass to try title, the plaintiff can recover only on the strength of his own title, and not on the weakness of that of his adversary.

2. **Same— Proof of Payment of Valuable Consideration.**—Plaintiff, in trespass to try title, gave in evidence a deed of the land made to himself by M. alone, in whose wife the title was vested apparently as community property. The evidence showed, however, that the land was in fact her separate property. *Held,* in the absence of proof that plaintiff had paid a valuable consideration for the land, that he was not entitled to recover it against a third party, as it did not appear that he had acquired the real title (of the wife) thereto.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*McGhee & Easton,* for appellant.—1. The presumption is, when a deed is made to a wife, and it does not recite the fact that the land therein conveyed is for her sole and separate use and benefit, etc., that the land belongs to the community estate of husband and wife; and a deed from the husband is sufficient to pass the title to same; and to overthrow this presumption, the proof must show that an unconditional gift from the husband was intended, and notice of this fact, in some way, must be brought home to the purchaser from the husband.   Higgins v. Johnson, 20 Texas, 389; Parker v. Chance, 11 Texas, 513; Rousel v. Stranger, 73 Texas, 670; Epperson v. Jones, 65 Texas, 425; Wallace v. Campbell, 54 Texas, 87; Mitchell v. Mitchell, 15 S. W. Rep., 705; French v. Strumberg, 52 Texas, 91; Parker v. Coop, 60 Texas, 111.

2. Under the recitals in the deed to Mrs. McBride, the land was presumptively community property, and the deed of the husband alone, prima facie, conveyed full title thereto.   Webb on Record of Title, sec. 114; French v. Strumberg, 52 Texas, 91; Cooke v. Bremond, 27 Texas, 459; McComb v. Spangler, 71 Cal., 419.   In this state of case the burden of proof devolved on the defendant to defeat this prima facie title, by proving either that plaintiff did have actual notice of the wife's separate right, or that he did not pay a valuable consideration for the land. McKamey v. Thorp, 61 Texas, 648.

No brief for appellee reached the Reporter

HEAD, ASSOCIATE JUSTICE. — On the 19th day of March, 1885, F. Johnson conveyed to Mrs. Abbie McBride the land in controversy, the deed reciting the conveyance to be in consideration of the sum of $1 in hand paid.   At the time of this conveyance the grantee, Mrs. Abbie Mc-Bride, was the wife of Dave McBride, and the real consideration was the sum of $70, which was community property.

The evidence is sufficient to sustain the finding of the court below, that the intention of Dave McBride in having the deed made to his wife was to make the land her separate property.   In October, 1890, Dave Mc-Bride made a verbal contract with appellee, McArthur, by which the latter was to have the possession of the premises, upon certain terms therein specified, for the term of three years, and it was the expectation of the parties that this contract would be reduced to writing, but this was never done.

In pursuance of this contract, McArthur took possession of the premises and sowed about twenty acres in wheat thereon, but did not move his family into the house until after the execution of the deed to appellant, herein after set forth.

On January 3, 1891, Dave McBride, the husband, conveyed by warranty deed the land in controversy to appellant, but there is no evidence

to show that a valuable consideration was paid for this conveyance, nor that appellant did not have notice of the fact that the land conveyed was the separate property of Mrs. Abbie McBride. After the execution of this deed, but before appellant took possession of the premises, appellee, McArthur, moved with his family into the house thereon, and this suit was instituted by appellant, in the form of an action of trespass to try title, to dispossess him. The court below found in favor of appellee, from which this appeal is prosecuted.

*Opinion.*—This being an action of trespass to try title, appellant must recover, if at all, upon the strength of his own, and not upon the weakness of his adversary's title. Hughes v. Lane, 6 Texas, 289. The land being the separate property of Mrs. McBride, her husband's deed to appellant could convey no title thereto. Rev. Stats., art. 559; Cameron v. Boutwell, 53 Texas, 626. It is therefore not necessary for us to inquire as to the validity of the lease under which appellee claims. Appellant having no title, could not dispossess appellee, whether the latter had a valid claim or not.

Appellant contends, that notwithstanding the land may have been the separate property of Mrs. McBride, yet inasmuch as all property acquired by purchase during marriage is presumed to be community property, whether the deed be taken in the name of the husband or wife, he should be protected as an innocent purchaser, by reason of his deed from the husband; but, as will be seen from the conclusions of fact, there is no evidence in the record to show that appellant paid a valuable consideration, and we think this necessary in order to enable him to acquire Mrs. McBride's land under a deed from her husband alone. McBride v. Bangus, 65 Texas, 174; Parker v. Coop, 60 Texas, 111; McKamey v. Thorp, 61 Texas, 648; Stoker v. Goodjohn, 62 Texas, 299; Kearby v. Moody, 84 Texas, 201.

We find no error in the judgment rendered by the court below, and it is therefore in all things affirmed.

*Affirmed.*

Delivered June 14, 1893.

A motion for rehearing was denied.

This case did not reach the Reporter with the June cases.