W. T. TERRELL ET AL. V. ISABELLA MCCOWN ET AL.

No. 550.

**1. Conflict in Decisions as Ground for Writ of Error.**

A decision is not in conflict with another when only conflicting with a paragraph in such opinion upon a matter not in issue or necessary to the decision. See example .... ................ ... ........................ 472

**2. Same—Power of Independent Executor to Sell Land.**

The Court of Civil Appeals announced the proposition, that "in order to sustain the validity of a sale of land by an executor under a will which empowers him to administer the estate free from the control of the County Court, and to sell land in order to pay debts, the existence of debts against the estate must be proved." In Cooper v. Horner, 62 Texas, 363, it was said: "The purchaser of real estate under a power of sale to pay debts is not bound to investigate whether there are debts, nor to see to the application of the purchase money." It appearing in the record in the latter case that debts existed at the time of the sale, the proposition was not necessary to the decision of the case. The two decisions can not be held to be conflicting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 472

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Hill County.

The contention is clearly stated in the application for writ of error, extract from which is here given:

The plaintiffs below claim title to the land as the heirs of Alexander McCown, and the defendants below claim title under deeds from P. J. Willis, independent executor of the will of said McCown.

The will grants an express power to sell land to pay debts in the following words: "I direct that my just debts be paid as soon as possible, for which my executors shall have the power to raise funds out of my effects that a court could give them, and for this purpose to sell and convey lands or other property."

The will was probated in 1855, the same year that the testator died. The lands were sold in 1871 and 1872.

The trial court charged the jury in effect, that purchasers from the executor were not required to prove that the estate owed debts at the time the sales were made. The Court of Civil Appeals held, that this charge was error, and that it was necessary for the purchasers to prove the existence of debts owed by the estate at the time they purchased the lands from this executor.

This holding of the Court of Civil Appeals, plaintiffs in error claim, is erroneous, and that in rendering said opinion the Court of Civil Appeals overruled a decision of the Supreme Court of this State, viz., Cooper v. Horner, reported in 62 Texas, 363, wherein the court says: "The purchaser of real estate under a power of sale to pay debts is not bound to investigate whether there are debts, nor to see to the application of the purchase money."

Writ of error was asked on ground of the conflict.

*Crane & Ramsey, Tarlton & Morrow,* and *J. G. Abney,* for application, cited and discussed: Roberts v. Connellee, 71 Texas, 11; Blanton v. Mayes, 72 Texas, 417; 67 Texas, 245; 58 Texas, 429; Cooper v. Horner, 62 Texas, 363; Keane v. Roberts, Madd., 356; Burting v. Stonard, 2 P. Wms., 150; Williams v. Otey, 8 Humph., 563; Loughmiller v. Harris, 2 Heisk., 559; Merchant v. Woods, 27 Minn., 396; Palmer v. Bates, 22 Minn., 532; Warner v. Blakeman, 36 Barb., N. Y.; Elliott v. Wood, 53 Barb., 285; Jackson v. Dominick, 14 Johns., 435; Hyland v. Stafford, 10 Barb., 558; Penny v. Cook, 19 Iowa, 538; Jordan v. Humphries, 31 Minn., 495; Welch v. Coley, 82 Ala., 363; Batie v. Butler, 21 Mo., 313; Randall v. Hazleton, 12 Allen, 412; Montague v. Dawes, 12 Allen, 397; 2 Jones on Mort., 693; Iles v. Martin, 69 Iowa; Bishop v. Knowles, 53 Iowa, 268.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error to reverse a judgment of the Court of Civil Appeals of the Fifth

Supreme Judicial District, which reversed the judgment of the trial court and remanded the cause. In order to show jurisdiction in this court, it is alleged in the application that the opinion of the Court of Civil Appeals overrules the decision of this court in Cooper v. Horner, 62 Texas, 363. It is held by the Court of Civil Appeals in this case, that in order to sustain the validity of a sale of land by an executor under a will which empowers him to administer the estate free from the control of the County Court and to sell lands in order to pay debts, the existence of debts against the estate must be proved. In Cooper v. Horner the court say: "The purchaser of real estate under a power of sale to pay debts is not bound to investigate whether there are debts, nor to see to the application of the purchase money;" but as is pointed out in the opinion of the Court of Civil Appeals, the announcement of that proposition was not necessary to the decision of that case. The trial court in that case found that there were debts to the amount of $1373.17 subsisting against the estate at the time of the sale, and the Supreme Court sustained this finding. It is clear, therefore, that the question was not involved in the decision of that case.

Since the decision in this case does not overrule the decision of the Supreme Court in the case relied upon to show jurisdiction in this court, this court is without jurisdiction, and the application is therefore dismissed.

*Dismissed.*

Delivered January 31, 1895.