## Garrett W. Smith et al. v. J. J. Olsen & Son.

### Decided April 25, 1900.

**1. Sheriff's Sale—Inadequate Price—Collateral Attack.**

In trespass to try title, inadequacy of price (not gross) paid by defendant in purchase of the land at sheriff's sale can not avail plaintiff, the attack on the sale being collateral.

**2. Sheriff's Sale—Advertisement—Collateral Attack.**

That a sheriff's sale was made without advertising it for the time prescribed, is only an irregularity, rendering the sale voidable, not void, and not subject to collateral attack in a suit of trespass to try title.

**3. Community Property—Innocent Purchaser—Notice.**

One purchasing property for a consideration not grossly inadequate, under execution against a holder of the legal title, is protected against the heirs of the community interest of the deceased wife of such owner, of whose death he had no notice, and knowledge by such purchaser's agent that the owner had a son will not put him upon inquiry as to such son's interest.

**4. Innocent Purchaser—Possession—Notice.**

Possession by purchasers at sheriff's sale under a judgment duly recorded and indexed, is notice of their rights to a subsequent purchaser from defendant in execution.

**5. Description—Sheriff's Deed.**

See description of land in a sheriff's deed held sufficient to identify it.

**6. Recovery of Land—Damages—Merger.**

Purchase of the land sued for, by defendants at sheriff's sale, under execution

against plaintiff, extinguished plaintiff's claim in the pending suit for damages for coal mined by defendants on the land before such purchase, the same being merged in the title.

Appeal from Milam. Tried below before Hon. W. G. Taliaferro.

*W. A. Morrison, Monta J. Moore,* and *E. A. Wallace,* for appellants.

*N. H. Tracey* and *Henderson, Streetman & Freeman,* for appellees.

Collard, Associate Justice.—This suit was originally brought in the form of trespass to try title, by Garrett W. Smith, for 135 acres of land, against J. J. Olsen & Son, on the 5th day of March, 1895, in the District Court of Milam County. Judgment was rendered April 28, 1897, for defendant, which was affirmed by this court (44 Southwestern Reporter, 874), but subsequently reversed by the Supreme Court. 92 Texas, 181.

After the case was returned to the trial court, the death of Garrett W. Smith was suggested, and his heirs came in as plaintiffs to prosecute the suit by petition filed April 21, 1899, and also claim that the land was the community estate of their father, Garrett W. Smith, and their mother, who had died in 1892 before the sale by their father to C. L. Stribbling. They ask to prosecute the suit as heirs of their father, the original plaintiff, and in their own right by inheritance from their mother. They claim one-half of the land as heirs of their deceased mother.

C. L. Stribbling intervened April 1, 1899, averring that he purchased all the right and title of G. W. Smith and his son, G. W. Smith, on the 7th day of October, 1895, the purchase being made subsequent to the institution of the suit by Garrett W. Smith.

Plaintiffs as successors to the original plaintiff, Garrett W. Smith, make no controversy as to the right of intervener Stribbling to the title purchased by him from the original plaintiff, nor does the intervener controvert the title of his heirs to their asserted right to the interest derived through their deceased mother. Each recognized the rights of the other, and they join in the claim for all the land as against defendants.

April 26, 1899, defendants, by amended answer, filed general demurrer, general denial, disclaimed all the land except 85½ acres described by metes and bounds, and as to this, pleaded not guilty, limitation of three, five, and ten years, and claim for valuable improvements amounting to $5000; and, as to the plaintiffs' and intervener's claim for damages, the statute of limitation of two years, and also estoppel as against Garrett W. Smith and his successors in title.

The successors of Garrett W. Smith and heirs of his deceased wife set up coverture and minority in reply to the plea of limitation.

The court instructed the jury to return a verdict for defendants for the land claimed by them in their answer, and for plaintiffs and intervener for the balance of the land sued for. The jury returned the fol-

lowing verdict: "We the jury find for plaintiffs and intervener the land described in their petitions herein, except the 85½ acres described in defendant's second amended original answer, and we find for defendants said 85½ acres."

Judgment was rendered pursuant to the verdict, from which plaintiffs and intervener have appealed.

The substituted plaintiffs, children and heirs of deceased Mrs. Smith, claim one-half the land as such heirs, except one-fifth of such half, which was conveyed to Stribbling by their brother, G. W. Smith; Stribbling also claiming one-half the land by purchase from Garrett W. Smith, original plaintiff, and the interest of G. W. Smith, Jr.

*Findings of Fact.*—We find the facts as follows: Plaintiffs introduced evidence of title from sovereignty of the soil to Garrett W. Smith, R. A. Campbell, and S. M. Williams by joint deed to them of date January 12, 1880. S. M. Williams conveyed his interest in the land to Garrett W. Smith and R. A. Campbell, February 18, 1880. Part of the consideration for this deed was the sum of $55 shown to be due by note April 1, 1880, to pay which Smith and Campbell executed a deed of trust on the land to Thomas F. Hudson, trustee, which provided for the sale of the land by the trustee upon default of the payment of the note.

There was no deed in evidence from the trustee, but parol evidence was offered to prove sale by the trustee, as required by the deed to S. M. Williams; but there was a conflict in the testimony as to such sale, the trustee Hudson testifying that he had no recollection of the sale nor deed, and that he was satisfied he had not sold the land.

It seems that the charge of the court to find for defendants was upon the ground that they had become the purchasers of the land at sheriff's sale, by virtue of an execution on a judgment of James W. Rhodes against Garrett W. Smith, in Milam County, foreclosing vendor lien notes on a different tract of land, which being sold left a balance due, for which execution issued and was levied on the land claimed by defendants which was sold by the sheriff of Milam County, by virtue of the execution, September 3, 1895, to T. S. Henderson, agent of defendants, for $50 cash paid, and deed made by the sheriff to defendants; neither Henderson nor defendants having any notice of any claim to the land by plaintiffs, nor notice of the death of their mother at the time of the sale. She died in September, 1892, and the notes of Garrett W. Smith on which the judgment was rendered, were dated December 8, 1892.

It was shown that neither Henderson nor defendants had any knowledge of any fact as to the death of Mrs. Smith before or at the time of the purchase under the execution against Garrett W. Smith.

T. S. Henderson, attorney for Olsen & Son, and who bought in the land for them at sheriff's sale, knew at the time that Garrett W. Smith had a son. It was proved that W. A. Morrison, for plaintiff, in

October, 1895, tendered to T. S. Henderson, as attorney for defendants, $52, the full amount, principal and interest, on the amount of bid by defendants for the land at sheriff's sale on September 3, 1895, and that defendants refused to accept the sum tendered, and that the same money, on same day, was placed in the registry of the trial court, and is still on deposit in the event the sheriff's deed should be canceled.

On the 3d day of April, 1895, James W. Rhodes filed suit, in the District Court of Milam County, against Garrett W. Smith, on certain vendor lien notes given by Smith for another tract of land from that in controversy; the notes aggregating $600, of date December 8, 1892; and on May 31, 1895, judgment was rendered in that suit in favor of Rhodes, on the notes, for $750, foreclosing lien and ordering sale of the land sought to be subjected to the vendor's lien. The sale was made and the land subjected to the lien sold, but the proceeds of the sale were insufficient to satisfy the judgment, and execution issued against Garrett W. Smith for the balance of the judgment, and was levied on the land involved in this suit on the 13th day of August, 1895; and the sale was made and the land sold on the 3d day of September, 1895, to T. S. Henderson, who bought it in for his clients, J. J. Olsen & Son, for $50, and deed was made to them by the sheriff, pursuant to sale.

The appellants contend that the sheriff's return on the order of sale is untrue, in that it states the advertisement in the Cameron Herald, a newspaper published in Milam County, the first publication, as shown by the return, being made on the 15th day of July, 1895, and the sale made on the first Tuesday in August, the same being the 6th day of August; while it is a fact, it is contended, that the Cameron Herald was not published on said day of July, as recited in the return, but was published on the 18th day of July, which was less than twenty days before the sale on the 6th of August. The indorsement of the levy by the officer on the land ordered sold was on the 3d day of September, as follows: "Levy made July 15th, to be sold August 6th," and on the land in suit to pay balance of the judgment, "Levy made August 13th, to be sold 3d day of September. Sold to T. S. Henderson for fifty dollars." The return was made up by, and in the office of, T. S. Henderson, attorney for defendants in this suit. The amount bid at the sale of the land in suit, $50, was paid in cash.

Garrett W. Smith only owned an undivided one-half of the land, including the interest of his wife. Garrett W. Smith died on the 8th day of November, 1898, in Fort Bend County, and his wife, Mary Jane, to whom he was married thirty years before the trial, died in September, 1892, and the substituted plaintiffs are her children by that marriage and her heirs.

Intervener Stribbling read in evidence deed of Garrett W. Smith and G. W. Smith, one of the children of the coverture of G. W. Smith and his wife, of date October 7, 1895, duly authenticated for record on the same date and duly recorded in the record of deeds of Milam County

on the 12th day of October, 1895, to land described as "all that certain tract or parcel of land lying and being situated in Milam County, Texas, being part of the Jose Leal six-league grant and more particularly described as follows: Being about four and a half miles east of the city of Rockdale on both sides of the International & Great Northern Railroad, and this tract begins at the S. W. corner of a 350-acre tract, conveyed by Oliver Jones to A. Carter, by deed of date Aug. 15, 1859, the same having been recorded in the deed records of Milam County, in book M, Vol. 1, pp. 24 and 25, and being the same land conveyed by E. Carter to G. W. Smith et al. by deed of date Jany. 12, 1880, and recorded in book E3, p. 123, of deed records of Milam County. This tract begins at the S. W. corner of A. Carter's 350-acre survey; thence S. 19 E. 783 vs. to a stake from which a P. O. 10 in. in diam. brs. 77 W. 5 vrs., and another post oak bears N. 44 W. 15 vs.; thence N. 71 W. 1900 vs. to corner; thence N. 19 W. 783 vs. to the S. W. corner of Carter's original 350-acre survey; thence S. 71 W. 1900 vs. to the place of beginning, containing 263½ acres of land, less tract of 48 acres conveyed by A. Carter to S. D. Kendall, by deed dated Feby. 15, 1871. And we also sell, release, assign and transfer to said C. L. Stribbling, his heirs and assigns, all choses in action that have arisen out of the title and possession of Garrett W. Smith to said land, including all claims and actions for rents and damages due to said Smith, from any and all parties whomsoever, the above lands and claims for damages and rents now being in litigation in the District Court of Milam County, Texas, in cause No. 2828, G. W. Smith v. J. J. Olsen & Son."

The deed of sheriff to J. J. Olsen & Son is dated September 3, 1895, authenticated for record the 16th day of October, 1895, and duly recorded on the 18th day of October, 1895. The levy of the execution of James W. Rhodes v. Garrett W. Smith on the land claimed by Olsen & Son, as shown by the return of the sheriff on the land claimed by them, was made on the 13th day of August, 1895. The land was bought in by Olsen & Son at the sale, which was regularly made, they paying in cash the sum of $50 as before stated,—neither they nor their attorney, T. S. Henderson, having notice, actual or constructive, of the claim of plaintiffs, nor of the death of their mother, Mrs. Olsen, and Olsen & Son were in possession of the land at the time Stribbling purchased.

At the time Olsen & Son purchased the land at the sheriff's sale, and at the time of the levy of the execution, the suit of Garrett W. Smith against Olsen & Son was then pending, defendants claiming the land now claimed by them, 85½ acres of land, by warranty deed from one M. Lascar, of date January 29, 1894, duly recorded in 1894, which deed recites a consideration of $425 cash. The land sold is described in the deed; and it is further stated that it "is situated about four miles east of Rockdale, in Milam County, Texas, on the International & Great Northern Railroad, being balance of land containing 135½ acres sold by Elbert Carter to R. A. Campbell and G. W. Smith and Sam

Williams, and sold under deed of trust for purchase money on 21st
day of April, 1880, and bought by S. M. Williams, and sold by him to
M. Ross, fifty acres sold by Ross to James Newton, and balance was
sold by M. Ross to James and Marine Daily and by them to J. M.
Crawford, and by Crawford to George Porter."

We think it is unnecessary to trace the title of Olsen & Son, as recited,
from Lascar back, as the court's charge to find for defendants does not
depend on such deraignment, but on the sale of the land under execution
against Olsen and the deed of the sheriff to defendants.

Defendants opened a coal mine on the land claimed by them in
1894, claiming the land at the time, and were claiming it at the time
Garrett W. Smith sued them for it in the suit which is the origin of
this litigation, continued by his and his deceased wife's heirs and inter-
vener Stribbling.

Intervener C. L. Stribbling read in evidence a quitclaim deed of R. A.
Campbell and wife in consideration of $25 to M. Ross for 135½ acres,
described in deed of Campbell and Smith to S. M. Williams, including
the land claimed by defendants, of date March 28, 1881, which being
properly authenticated for record, was recorded in Milam County deed
records 23d day of April, 1897; a quitclaim deed of Ross to H. L.
Witcher for the same land, dated April 5, 1897, properly recorded in
Milam County deed records on 23d April, 1897; and a general warranty
deed of Witcher to C. L. Stribbling for same land authenticated for
record 22d April, 1899, duly recorded on the 28th day of April, 1899,
and the deed already noticed of G. W. Smith and W. G. Smith to Strib-
bling, intervener, of date October 7, 1895, duly recorded in deed records
of Milam County October 18, 1895. This deed was, as before seen,
after the purchase by Olsen & Son at sheriff's sale.

The value of the land bought by Olsen & Son at sheriff's sale for
mining purposes is not shown to be considerable, and the evidence
leaves it in doubt as to whether it could be successfully and profitably
mined for coal. The land for other ordinary purposes was not valuable.
It was poor in soil and had been denuded of timber. At all events, $50
paid by Olsen & Son was by no means a greatly inadequate price, the
interest of Garrett W. Smith, including that of his wife, which we hold
passed by the sheriff's deed to Olsen & Son, being an undivided one-
half of the land.

Olsen & Son were in possession of the land at the time of Stribbling's
purchase, the deed to them having been made prior to Stribbling's pur-
chase from Smith and his son.

We also find, omitted in its proper place, that the defendants intro-
duced in evidence the original book of the judgment lien records and the
original book of the direct and cross-indexes to the same, and it showed
that the said judgment of James W. Rhodes v. Garrett W. Smith had
been properly entered in the index, and the record of the abstract of
the judgment showed the name of the plaintiff and the name of the
defendant, and that the judgment was rendered on May 31, 1895, and

that the amount of the judgment was $753.50, and that the amount of the costs was $9.35, and that the rate of the interest was 10 per cent, and that the credits were "none," and that the amount due was "$750 and costs." The record showed that the said abstract was filed on the 13th day of August, 1895, but it did not show when the same was recorded, and it failed to show any credits at all, and the plaintiffs objected to the introduction of the same, for the reason that the record did not show when the same was recorded, and that it did not show the credits that the judgment was entitled to by virtue of the recitals in the officer's return on the order of sale that had been introduced by the defendant.

*Opinion.*—We think the judgment of the lower court must be affirmed, and to show this, we will not treat the case in the order of appellants' assignment of errors, but state simply our views of the questions presented.

1.   Olsen & Son paid a valuable consideration for the land sold them at sheriff's sale, and the suit being in form of trespass to try title, no direct attack being made on the deed to them, the inadequacy of price, if it was such, it not being grossly inadequate, can not avail the appellants. Irvin v. Ferguson, 83 Texas, 491.

2.   If the sale was made without advertising it for a sufficient length of time, it was only an irregularity, and will not affect the judgment of the lower court on collateral attack. The sale was voidable and not void. Coffee v. Silvan, 15 Texas, 354; Fitch v. Boyer, 51 Texas, 336; King v. Duke, 31 S. W. Rep., 335; Ayres v. Duprey, 27 Texas, 593; Owen v. City, 44 Texas, 518; Moore v. Johnston, 34 S. W. Rep., 771; Irvin v. Ferguson, supra. Whatever the suit may have been as originally brought, the amended petition, which superseded former pleadings, presents a statutory action of trespass to try title, in which the sheriff's deed to Olsen & Son can not be collaterally attacked. On the attack now made it could be shown that the sale and deed were nullities, but they could not be avoided for irregularities. McSween v. Yett, 60 Texas, 183.

3.   Olsen & Son were innocent purchasers, having paid a valuable consideration for the land, and having no notice of the title of the heirs of Mrs. Smith, or of her death. The fact that Henderson, their attorney, knew that Garrett W. Smith had a son, was not sufficient to put him or Olsen & Son on inquiry of the claim of the heirs of Mrs. Smith,—certainly not of the death of Mrs. Smith. The property was community of Smith and wife, and without notice of her death, a purchaser from him or at execution sale against him for a valuable consideration, the price paid not being grossly or materially inadequate, would take valid title as against her heirs. Johnson v. Newman, 43 Texas, 642; Hill v. Moore, 62 Texas, 610; Oppenheimer v. Robinson, 87 Texas, 174; Pouncey v. May, 76 Texas, 565; Patty v. Middleton, 82 Texas, 586; Rev. Stats., art. 2318; 67 Texas, 107; 60 Texas, 616 and 111; 62 Texas, 299.

4.   Stribbling was not an innocent purchaser, not to speak of the

recording and indexing of the judgment under which Olsen & Son purchased, Olsen & Son being in possession and claiming the land by purchase at the sheriff's sale, at the time of his purchase from Smith and his son. He in such case would be affected with notice of the title of the occupants.

5. The description of the land in the sheriff's deed to Olsen & Son identifies the land claimed by them.

As to coal taken from the land before Olsen & Son acquired title from the elder Smith, we do not believe plaintiffs can recover in this action for such damages. Defendants having title by deed and purchase at sheriff's sale, recovered the land, and such purchase merged in them plaintiffs' claim for damages. Ackerman v. Smiley, 37 Texas, 211. We so hold, independently of the claim for damages of plaintiffs in this form of action under the statute, defendants having recovered the land. Rev. Stats., art. 4814. We do not think it is necessary to construe the statute referred to, which seems to entitle plaintiffs to damages to the land only in case of recovery by them. We believe the damages merged in defendants' deed under which they recovered the land.

We find no error assigned by appellants, and the judgment of the lower court is affirmed.

*Affirmed.*

Writ of error refused.