## A. J. GATLIN v. J. C. STREET.

Decided October 18, 1905.

**Rulings on Evidence—Statement of Facts—Bill of Exceptions.**

Where no statement of facts is brought up on appeal, the exclusion of evidence will not be held to be error unless presented by a bill of exceptions disclosing the issues and the state of the evidence thereon with sufficient fullness to show with reasonable certainty that appellant was injured by the rulings; thus such bill must, it seems, show that there was no other evidence introduced to the same effect as that excluded and that appellant had no knowledge of any facts which might render harmless the exclusion of that sought to be proved.

Appeal from the District Court of Mills County. Tried below before Hon. Geo. W. Goodwin.

*E. B. Anderson* and *Leonard Doughty,* for appellant.

*J. L. Lewis, G. N. Harrison, R. L. Williams* and *J. J. Cox,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought by the appellant, A. J. Gatlin, against the appellee, J. C. Street, to recover damages in the sum of $8,953, alleged to have been suffered by him on account of the sale of a herd of diseased cattle to him by appellee. A trial was had before the court and a jury, which resulted in a verdict and judgment against the plaintiff in the court below, appellant here.

There is no statement of facts in the record, and there is only one error assigned and presented and that is raised by the bill of exceptions of appellant, the material part of which is as follows:

"On the trial of the above case, as to the terms of the trade, there was no conflict in the evidence. The evidence of both plaintiff and defendant agreeing as to the consideration and all the details of the trade, as alleged by plaintiff, except as to the allegations of fraud and misrepresentation. That the trade was directly by and between plaintiff and defendant in person there was no conflict in the evidence. The evidence of the plaintiff showed that after his purchase, about 301 head of the cattle died, and his evidence tended to show that they died from disease. The evidence of the defendant upon this isuse tended to show that they died from starvation, or other natural causes.

"As to whether the cattle were diseased, as alleged by plaintiff, there was a conflict in the evidence. As to whether or not the defendant knew of the diseased condition of the cattle, if any, at the time of the sale, there was conflict in the evidence. That T. I. Sparks had no connection with the trade between plaintiff and defendant there was no conflict in the evidence. That T. I. Sparks had the care and supervision of the cattle for the defendant, there was no conflict in the evidence. But as to the extent or scope of his authority or agency, there was a conflict. The evidence of plaintiff, deposed to by said Sparks, being that he had full authority to look after, care for, feed, sell, barter and trade said cattle as he saw proper, and the evidence of the defendant Street being to the effect that Sparks was simply foreman of his ranch, and had authority to look after, feed and care for the cattle, and that he had no power or authority to sell, barter, or trade the cattle. The undisputed evidence shows that Sparks never at any time communicated any of the complaints or communications hereinafter referred to, to the defendant Street. And that the defendant Street had no knowledge that any such complaints had ever been made.

"In this attitude of the evidence, plaintiff offered to prove by said T. I. Sparks that J. B. Cobb, Wimberly, Huddleston, Sullivan, Underwood and Scott, who lived in the neighborhood of where the "11—" cattle were being held, and who owned cattle there separately and at different times complained to said Sparks about the "11—" cattle, and charged and told said Sparks that said "11—" cattle were diseased in

some way, and were dying and that they would communicate the disease to complainants' cattle and kill them, and demanded that he should move said "11—" cattle and keep them to themselves, and not allow them to run at large and mix with complainants' cattle.

"The evidence as to the complaints showed the same to have been made by said parties at different times during the spring, summer and fall of 1902, and prior to the inception of the trade between the plaintiff and defendant. This evidence was offered by plaintiff for the purpose of showing that T. I. Sparks had knowledge of the above facts, and that said "11—" cattle were diseased; plaintiff's contention being that such knowledge on the part of Sparks should be imputed to the defendant Street, and said evidence was offered upon the theory that any knowledge thus acquired by Sparks was knowledge to Street, and it was offered as, and for the purpose only, of imputing knowledge to Street of all such matters so communicated to Sparks.

"The defendant objected to the evidence, his grounds of objection being as follows: (1) Because plaintiff charged acts of fraud on the part of defendant, that kind of fraud that implies a guilty mind, and therefore plaintiff had to show actual knowledge of the diseased condition of the cattle, at the time of the sale and could not rely upon imputed knowledge. (2) Because the law of imputed knowledge is not applicable to the case made and alleged. (3) Because it does not appear that Sparks at the time or times of said conversations or communications was in the discharge of any duty of his alleged agency, or that said communications or complaints were made to or received by him when discharging his duties as agent, or in furtherance of his agency. (4) Because the undisputed evidence shows that Sparks had nothing whatever to do with the trade or sale of said cattle to plaintiff, and because said complaints were not made to him pending the trade, but prior thereto. (5) Because the knowledge of Sparks so acquired was not imparted to said Street, as shown by the uncontradicted evidence. (6) Because the complaints, if any, were made prior to the trade between plaintiff and defendant, and by third parties, and to Sparks, and in no wise formed any part of the transaction between plaintiff and defendant in their trade with reference to the cattle and because it is not shown that Sparks at the time of the trade retained in his mind, and then remembered said complaints. (7) That said complaints, if any, made by said parties to Sparks, were *res inter alios acta,* and that no knowledge acquired by Sparks could be imputed to Street in the transaction resulting in the sale of said cattle to plaintiff.

"Which objections were by the court sustained, and the evidence excluded, to which action of the court the plaintiff then and there excepted, and now here tenders this bill of exception, and asks that same be approved and filed as a part of the record in this cause, which is accordingly done."

Under the charge of the court the appellant could have recovered if the cattle were diseased at the time of the sale and the appellee knew of same and the appellant did not; or if the appellee, at or prior to the sale, represented to appellant that the cattle were sound, and appellant believed such representations and relied on them, and was induced

thereby to purchase the cattle, and that such representations were false. The rule laid down by numerous decisions of the Supreme Court and of the Courts of Civil Appeals, is that the action of the court below in excluding testimony will not be revised by the Appellate Court in the absence of a statement of facts, unless the bill of exceptions discloses, not only that the court below erred, but that such error must, with reasonable certainty, have produced a substantial injury to the appellant in his cause. (Railway Co. v. Lochlin, 87 Texas, 470; McCarty v. Wood, 42 Texas, 39; Lockett v. Schurenburg, 60 Texas, 616; Yarzombeck v. Garvin, 32 S. W. Rep., 236; Brown v. Vizcaya, 55 S. W. Rep., 191.)

It does not appear from the record that appellant did not know that the cattle were diseased at the time that he purchased them. The bill of exceptions does not negative the proof of such fact on the trial. Neither does the bill deny that the facts sought to be proven by the witness Sparks were proven on the trial by other witnesses. In either event, no injury resulted from the ruling of the court complained of. The bill of exceptions also fails to show that it was proven on the trial that appellee represented that the cattle were sound at or prior to the date of the sale. Under the authorities we are of opinion that the bill of exceptions in this case is not sufficient to authorize this court to review the action of the court complained of, in the absence of a statement of facts.

The judgment of the court below is therefore affirmed.

*Affirmed.*

Writ of error refused.