DRUMMOND v. ALLEN NAT. BANK et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1912. On Motion for Rehearing, Jan. 15, 1913.)

1. APPEAL AND ERROR (§ 925*) — REVIEW — PRESUMPTIONS.

In an action on an assigned claim, where defendant filed a plea alleging fraud in the assignment, and claiming the privilege of being sued in the county of his residence, and pleaded estoppel upon the merits of the case, and where special exceptions to the form of the plea of privilege were sustained, the court, in the absence of a statement of facts, must presume that the questions of estoppel and of fraudulent assignment were eliminated, and that defendant was denied the right to prove such allegations.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3729–3734; Dec. Dig. § 925.*]

2. PLEADING (§ 11*)—FORM—MATTERS OF EVIDENCE.

A simple allegation of facts meets the requirement of pleading, and it is not proper to plead the evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

3. VENUE (§ 58*) — ACTION ON ASSIGNED CLAIM — PLEA OF PRIVILEGE—FRAUDULENT ASSIGNMENT.

In an action on an assigned claim, the plea of privilege on the ground of residence properly included allegations of a fraudulent and fictitious assignment, and it was sufficient for defendant to set up that the assignment was fraudulent or fictitious; that being a fact susceptible of proof.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 88–90; Dec. Dig. § 58.*]

4. SALES (§ 121*)—RESCISSION BY BUYER—WAIVER OF RIGHT TO RECOVER PRICE—ESTOPPEL TO RESCIND.

That the buyer, though complaining that the goods sold were not in accordance with the contract of sale, refused to ship them to another point at defendant's expense to be disposed of on the account of defendant who was to pay the difference, did not constitute a waiver of the right to rescind the purchase.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 296–301; Dec. Dig. § 121.*]

5. SALES (§ 391*)—REMEDIES OF BUYER—RECOVERY OF PRICE.

A buyer cannot keep goods bought and afterwards recover the full purchase price paid.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1110–1127; Dec. Dig. § 391.*]

6. SALES (§ 396*)—REMEDIES OF BUYER—ACTION TO RECOVER PRICE—DEFENSES.

In an action on a buyer's assignment of his claim to recover the price paid for goods bought, the defense that the buyer kept the goods cannot be raised by plea of estoppel to rescind.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1134, 1135; Dec. Dig. § 396.*]

On Motion for Rehearing.

7. APPEAL AND ERROR (§ 551*)—ABSENCE OF STATEMENT OF FACTS—EFFECT.

Assignments based upon the exclusion of evidence and in some cases upon the overruling of special exceptions will rarely be considered in the absence of a statement of facts, because it is impossible for the court to determine whether the ruling below was right or wrong; but, where bills of exceptions are in the record suffi-cient to reveal the facts to the court, the rule does not apply.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2457; Dec. Dig. § 551.*]

Appeal from Jackson County Court; L. F. Wells, Judge.

Action by the Allen National Bank against J. H. Drummond and another. Judgment for plaintiff against defendant Drummond, and he appeals. Reversed and remanded.

Blain & Howth, of Beaumont, for appellant. Guy Mitchell, of Edna, and Proctor, Vandenberg, Crain & Lewright, of Victoria, for appellees.

TALIAFERRO, J. This suit originated in the county court of Jackson county. The Allen National Bank of Edna, Tex., sued appellant J. H. Drummond and J. O. B. Young, alleging that Young was a resident of Jackson county and Drummond a resident of Jefferson county. The basis of the action was an account or claim of Young against Drummond which it was alleged had been, for a valuable consideration, assigned to the plaintiff bank. A draft was drawn by Young upon Drummond with the account attached. The draft was paid by the bank to Young, but upon presentation Drummond refused to accept or pay the draft. The bank sued both parties, claiming that venue of the suit, as to both defendants, was fixed in Jackson county by section 4 of article 1194 of the Revised Statutes. Defendant Drummond filed a plea of privilege with statutory allegations, and further alleged in said plea that there was a misjoinder of parties defendant for the purpose of attempting fraudulently to confer jurisdiction upon the county court of Jackson county over the person of defendant Drummond, "in that the alleged transfer and sale by said J. O. B. Young and the draft drawn upon defendant, Drummond, and the alleged guaranty of Young to the bank, were simulated and fraudulent and made for the purpose of acquiring jurisdiction," etc. Defendant Drummond, upon the merits of the case, among other things pleaded estoppel. Appellee Young specially excepted to the latter portion of defendant Drummond's plea of privilege, wherein it was alleged that plaintiff and defendant Young fraudulently acted together for the purpose of enabling plaintiff to maintain its action in Jackson county, because said plea failed to allege any fact or facts tending to show such fraud. Defendant Young also specially excepted to that portion of defendant Drummond's answer wherein he alleged that defendant Young was estopped from prosecuting the action upon the ground that said answer failed to allege any facts sufficient to constitute an estoppel.

[1] Both of the above special exceptions were by the trial court sustained. Defendant

Drummond's plea of privilege was overruled. The court having sustained the special exceptions thereto, and as no statement of facts accompanies the record, we must presume that the question of estoppel and the allegations of fraudulent assignment were eliminated, and defendant, Drummond, was denied the right to support those allegations with proof.

[2, 3] Appellant contends in the propositions under his first assignment of error that the questions of fraud and simulated assignment were properly a part of his plea of privilege, and that, in order to raise those issues, it was sufficient for him to allege that the transfer and assignment were fictitious or fraudulent, and made for the sole purpose of conferring upon the court of Jackson county jurisdiction over the person of defendant, Drummond, a resident of Jefferson county. In this contention we agree with the appellant. A simple allegation of fact meets the requirement of pleading under the Texas system. It is not only not necessary, it is not proper, to plead the evidence. When appellant set up in his answer that the transfer or assignment of the claim against him was fraudulent or fictitious, he was alleging a fact susceptible of proof, and he should not have been required to allege the evidence by which he expected to make the proof. The case of Pearce v. Wallis, Landis & Co., 124 S. W. 496, cited by appellant, is very much in point with this case. In that case the court was held to have correctly refused to consider a plea of privilege or to admit evidence upon the question of fraud because the plea of privilege did not in specific terms charge that the transfer was fraudulent or simulated. Therefore we believe the court erred in sustaining the exception to appellant's plea of privilege. The exception should have been overruled and proof of the fraudulent assignment should have been heard upon the plea. The appellant's first assignment of error will be sustained.

[4] The appellant's second assignment of error attacks the action of the trial court in sustaining the special exception to that portion of appellant's answer claiming that defendant Young was estopped from rescinding the contract. The portion of the answer to which the exception was sustained is as follows: "That defendant Young had waived all right, if any he had, to rescind the contract of purchase of the rice, the purchase price of which is herein sought to be recovered, because this defendant says that the said J. O. B. Young, after the payment to this defendant of the purchase price agreed upon for the said rice, was notified by this defendant, when complaint was made by the said J. O. B. Young, that the rice delivered was, as he claims, not in accordance with the terms of the contract of purchase, to ship the said rice at the expense of this defendant to the Broussard rice mill at El Campo, there to

be held for disposal on account of this defendant and sold; this defendant agreeing to refund to the said J. O. B. Young the difference, if any, which it should be determined after an inspection of said rice by competent persons there was between the price paid by the said J. O. B. Young to this defendant for said rice and its real market value; but that the defendant Young refused to ship the said rice as directed, thereby waiving his right to claim damages against this defendant."

[5, 6] These allegations do not present a state of facts upon which estoppel can be predicated, and therefore the special exception was properly sustained. It is true, as contended by appellant under his proposition to this assignment, that the purchaser cannot keep the goods and afterwards recover the full purchase price paid, but this defense cannot be reached by plea of estoppel. None of the elements of estoppel appear in defendant's answer. The second assignment is overruled.

The judgment is reversed and the cause remanded.

## On Motion for Rehearing.

Appellees contend that it was not error of the trial court to sustain the special exception to the latter part of appellant's plea of privilege. They also find fault with the conclusion of this court that, in the absence of a statement of facts, it must be assumed that the portion of the plea to which exception was sustained was eliminated, and that appellant was not permitted to support the plea by proof. They say: "In view of the undisputed facts shown in the record, as herein above set out and referred to, it seems to us passing strange that this court should have found that it must be presumed that appellant was denied the right to offer testimony in support of his contention that the transaction between the appellees herein was purely simulated and a mere 'frame-up' for the purpose of forcing appellant to litigate in Jackson county rather than in Jefferson county."

But there are no facts shown in the record. Appellees with artless frankness refer us to two bills of exception filed by appellant in which they say the evidence offered at the trial upon this issue is fully set out. They also candidly admit that these bills of exception were "stricken out and expunged from the record" by the trial court upon their own motion, for the reason that they did not state the true facts. Then appellees refer us to half dozen or more ex parte affidavits which by some means found their way into the record with the expunged bills of exception, and suggest that, if we will only study those documents, we will come to understand that, although the trial court struck out appellant's plea of fraudulent transfer and eliminated that issue, he nevertheless allowed the issues to be fully devel-

oped by the evidence, and that, although the bills of exception have been expunged from the record for the reason that they state an untruth, they will give us a true statement of the evidence introduced and the proceedings had. Appellees also call our attention to the fact that this issue was submitted in the court's charge by the first question in the special issues, and that the question was answered in the negative. If the jury had answered this question in the affirmative, thereby holding that there was a fraudulent transaction between defendant Young and the bank for the purpose of fixing the venue of the cause in Jackson county, might it not have been urged in this court that the action of the trial court in submitting this issue was unauthorized and erroneous, because there was no pleading to support it? Appellees declare that the case of Pearce v. Wallis, Landis & Co. et al., supra, is not in point because in that case the plea of privilege was sustained. Yet the court held in that case as follows: "No such charge was made by either defendant in his plea of privilege, but in answering to the merits they did charge that the assignment of the claim by Baker to the plaintiff was for the fraudulent purpose of attempting to confer jurisdiction upon the court below. However, the averment referred to stated no defense on the merits of the case, and therefore, as pleaded, it was immaterial. It was not made a part of the several pleas of privilege to be sued in another county, and therefore it did not present any issue proper to be submitted to the jury. Notwithstanding the statute enacted by the Thirtieth Legislature amending the law with reference to pleas of privilege, we are of the opinion that a defendant cannot in a plea of privilege seeking to change the venue present an issue of fraudulent assignment of the claim sued upon, without specifically charging in such plea that the claim was fraudulently assigned for the purpose of conferring jurisdiction." It is rare that two cases present conditions so similar, and the case is peculiarly in point. Nor is the Pearce Case in conflict with Stevens v. Polk County, 123 S. W. 618. In the latter case the court declared that the form of plea of privilege set out in article 1194a, Laws of 1907, c. 133, was not exclusive, and that a plea in the form in use before the enactment of that law was sufficient, and that the court erred in striking it out on exception.

[7] It is further contended that this court erred in not refusing to consider appellant's assignments of error because no statement of facts accompanied the record. They urge that, in the absence of a statement of facts, it must be held that any error committed by the trial court was entirely harmless and abstract. No such proposition can be sustained. It is true, as held in Lockett v. Schurenberg (Sup.) 60 Tex. 613, Gatlin v. Street, 40 Tex. Civ. App. 304, 90 S. W. 318,

and in other cases cited, that assignments based upon the exclusion of evidence, and in some cases overruling special exceptions, will rarely be considered in the absence of a statement of facts, because in such case it is not usually possible for the court to determine whether the trial court was right or wrong in its ruling. Exceptions to this rule occur when bills of exception are in the record sufficient to reveal the facts to this court. But this is not such a case. Here the court sustained a special exception to a material allegation in appellant's pleadings, and, so far as the record reveals to us, he was deprived of his right to prove a material defense. There are few rights more valuable to the litigant than that of being sued only in the county of his residence, and, where he has fairly raised that issue in a cause pending against him in another county and been deprived of the right to present the same fully in the case, no presumption will be indulged against him in this court.

The motion for rehearing is overruled.